UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GENINE MURRAY,

                      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

DECISION & ORDER

18-CV-326P

## PRELIMINARY STATEMENT

Plaintiff Genine Murray ("Murray") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits and Disability Insurance Benefits ("SSI/DIB"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket ## 6, 13).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 9, 11). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

# DISCUSSION

## I. Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity ["RFC"] to perform his or her past work; and

(5) if not, whether the claimant retains the residual functional capacity to perform any other work that exists in significant numbers in the national economy.

3

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II.     Murray's Challenge

Murray contends that the ALJ's determination that she is not disabled is not supported by substantial evidence and is the product of legal error. (Docket # 9-1). Murray's sole challenge is that the ALJ's physical RFC assessment[1] lacks substantial evidence because it is not supported by any medical opinion. (Docket ## 9-1; 12).

## III.    Analysis

An individual's RFC is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, *2 (July 2, 1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities,

---

[1] I do not interpret Murray's appeal to challenge the ALJ's mental RFC assessment. Indeed, the record contained a medical opinion from Murray's mental health counselor, Jennifer Lilleby, which was specifically considered and weighed by the ALJ. (Tr. 25, 607-11). Murray's submission does not appear to challenge the ALJ's treatment of this opinion. (Docket ## 9-1, 12).

4

non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*, 2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010) (summary order).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, 2015 WL 1003933, *21 (W.D.N.Y. 2015) (citation omitted). While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), "an ALJ is not a medical professional, and is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 257 (W.D.N.Y. 2018) (quotations omitted). Accordingly, although the RFC determination is an issue reserved for the Commissioner, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," as a general rule, the Commissioner "may not make the connection himself." *Nanartowich v. Comm'r of Soc. Sec.*, 2018 WL 2227862, *9 (W.D.N.Y. 2018) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)). Under certain circumstances, such as where the medical evidence shows relatively minor physical impairment, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment," *House v. Astrue*, 2013 WL 422058, *4 (N.D.N.Y. 2013) (internal quotation omitted). I find that those circumstances are not present in this case, however.

In this case, the ALJ determined at step two that Murray had the severe impairments of bipolar disorder, degenerative disc disease, lumbar radiculopathy, fibromyalgia,

5

and migraines. (Tr. 17). With respect to her physical capabilities, Murray maintained that she had difficulty, *inter alia*, with prolonged sitting, walking, standing, and bending, and that she required the ability to alternate positions, including lying down, throughout the day. (Tr. 52-54). Despite this testimony, the ALJ determined that Murray was capable of performing the full range of sedentary work with limitations on her interactions with the public and co-workers. (Tr. 20). In making this RFC determination, the ALJ summarized portions of the medical evidence and Murray's hearing testimony and noted that Murray had reported some improvement in her back pain when she complied with treatment and took her prescribed medications. (Tr. 24). The treatment notes demonstrate that Murray received ongoing treatment from several specialists, primarily for pain associated with her lower back impairment and migraines. This treatment included consultations with several neurologists and with a pain management clinic. (Tr. 294-307, 396-404, 441-43, 493-532).

The record does not contain a useful assessment from any medical source of Murray's physical limitations. "In some circumstances, an ALJ may make an RFC finding without treating source opinion evidence." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d at 259 (citing *Muhammad v. Colvin*, 2017 WL 4837583, *4 (W.D.N.Y. 2017)). *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], . . . a medical source statement or formal medical opinion is not necessarily required") (internal quotation and citations omitted). In those circumstances, however, "the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" *Benman*, 350 F. Supp. 3d at 259 (quoting *Muhammad v. Colvin*, 2017 WL 4837583 at *4). In other words, an ALJ "may not interpret raw medical data in functional terms." *Militello*

6

*v. Comm'r of Soc. Sec.*, 2019 WL 1409711, *3 (W.D.N.Y. 2019) (internal quotations and citations omitted). Where the record lacks a "useful assessment" of the claimant's limitations, remand is appropriate. *See*, *e.g.*, *Militello v. Comm'r of Soc. Sec.*, 2019 WL 1409711 at *3-4; *Benman*, 350 F. Supp. 3d at 260; *Smith v. Comm'r of Soc. Sec.*, 337 F. Supp. 3d 216, 226-27 (W.D.N.Y. 2018); *Kain v. Colvin*, 2017 WL 2059806, *4 (W.D.N.Y. 2017).

Here, although the record contains treatment notes, including some from specialists, those notes generally contain bare medical findings and do not address or shed light on how Murray's impairments affect her physical ability to perform work-related functions. Additionally, there are no opinions in the record reflecting Murray's physical capabilities, whether from a treating source or otherwise. For these reasons, the cases cited by the Commissioner (Docket # 11-1 at 20) are distinguishable from the instant case. *See*, *e.g.*, *Trepanier v. Comm'r of Sec. Sec. Admin.*, 752 F. App'x 75, 78-79 (2d Cir. 2018) (ALJ did not improperly rely on his own lay judgment in determining RFC where ALJ relied upon opinion of consultative examiner and other substantial evidence contained in treatment notes; "[e]ven where the ALJ's determination does not perfectly correspond with any of the opinions of the medical sources . . . , the ALJ was entitled to weigh all of the evidence available to make a [RFC] finding that was consistent with the record as a whole"); *Dougherty-Noteboom v. Berryhill*, 2018 WL 3866671, *9 (W.D.N.Y. 2018) (ALJ's RFC assessment was not based upon his lay opinion where consulting physician's "opinion was clearly incorporated into the ALJ's RFC assessment"; distinguishing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15 (1st Cir. 1996), in which "the ALJ had no medical opinion to work with, which means that his RFC assessment could not possibly have been based on anything other than 'raw data'").

7

To the extent the Commissioner maintains that the record supports the conclusion that the absence of a medical opinion owes to Murray's own failure to cooperate (Docket # 11-1 at 20), I disagree. Undoubtedly, denial of benefits may be warranted where a claimant fails to attend a scheduled consultative examination. *See*, *e.g.*, 20 C.F.R. §§ 404.1518; 416.918 ("[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . , we may find that you are not disabled). Here, however, the record does not support the conclusion that Murray failed to attend a scheduled evaluation. Rather, it suggests that no evaluations were scheduled because Murray failed to complete and return an Activities of Daily Living ("ADL") form. (Tr. 38, 158-59, 164-65, 393-94). Although the record suggests that both Murray and her attorney were contacted in an attempt to obtain a completed form (*id.*), nothing in the record – such as a letter or a case note reflecting an attempted contact – documents the details of any such efforts. Further, Murray testified during the hearing that she did not recall receiving the ADL form or being contacted to request its completion and that, if she had, she would have completed it and submitted it. (Tr. 59-60). Under such circumstances, the record does not establish that Murray intentionally failed to cooperate.[2]

"As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations . . . , to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *See Gross v. Astrue*, 2014 WL 1806779, *18 (W.D.N.Y. 2014) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d at 912).

---

[2] I reach a similar conclusion with respect to the letters contained in the record indicating that Murray would not participate in a consultative evaluation with a particular mental health consulting physician. (Tr. 391-92). Nothing in the record suggests that Murray was ever scheduled for a mental health evaluation, much less one with the identified physician.

Review of the record leads me to conclude that remand is appropriate to allow the ALJ to do so here. *See Cyman v. Colvin*, 2015 WL 5254275, *6-7 (W.D.N.Y. 2015) (although plaintiff failed to provide responses to an ADL questionnaire, "it is the ALJ's duty to develop a complete medical history, which includes functional assessments of a claimant's physical limitations"); *Verdaguer v. Colvin*, 2013 WL 6426931, *11 n.13 (S.D.N.Y. 2013) ("[w]hile the ALJ cannot be faulted for [p]laintiff's failure to cooperate with respect to providing information about his activities of daily living, the fact remains that there are no medical findings in the record, consultative or otherwise, to support the ALJ's conclusion that [p]laintiff was physically capable of work at all exertional levels").

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 11)** is **DENIED**, and Murray's motion for judgment on the pleadings **(Docket # 9)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       September 10, 2019